UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re: ) | Chapter 13 |
| ) | Case No. 08-40791-MSH |
| DAVID AND BETSY FULLER, ) | |
| ) | |
| Debtors. ) | |
| ) | |

**MEMORANDUM OF DECISION ON MOTION FOR
RECONSIDERATION OF ORDER GRANTING RELIEF FROM STAY**

The debtors, David and Betsy Fuller, have moved for reconsideration of my July 14, 2010 Order granting the motion for relief from stay of Ocwen Loan Servicing, LLC, acting as servicer on behalf of Deutsche Bank National Trust Company, in connection with a first mortgage loan on the debtors' home. The motion for reconsideration is based on the principle that a notice of appeal is an event of jurisdictional significance in which a lower court loses jurisdiction over the subject matter involved in the appeal. The debtors and Deutsche Bank are parties to an appeal presently pending in the United States Court of Appeals for the First Circuit. The appeal is from a judgment entered by this Court on November 16, 2009 in favor of Deutsche Bank in an adversary proceeding in which the debtors sought, among other things, rescission of the Deutsche Bank mortgage loan. The United States District Court for the District of Massachusetts affirmed this Court's judgment by order dated May 19, 2010.

The debtors assert that the pendency of the appeal of the judgment in the adversary proceeding deprived me of subject matter jurisdiction over Ocwen's motion for relief from stay. In its opposition to the debtors' motion for reconsideration Ocwen argues that its motion for relief from stay is not a matter involved in the appeal, first because it is a motion made, not in the

1

adversary proceeding but in the main Chapter 13 case, and second, because the adversary proceeding and the motion for relief from stay deal with different issues.

The test for determining whether a pending appeal divests a lower court of subject matter jurisdiction is succinctly articulated in *Whispering Pines Estates Inc. v. Flash Island Inc.*, 369 B.R. 752 (B.A.P. 1st Cir. 2007). In *Whispering Pines* the BAP reversed the bankruptcy court and ruled that an appeal of an order confirming a Chapter 11 plan divested the bankruptcy court of jurisdiction to determine a motion for relief from stay involving property dealt with in the Chapter 11 plan. The test articulated in *Whispering Pines* for jurisdictional divestment is whether the subject matter under the appeal is so closely related to the stay relief motion that the entry of the stay relief order impermissibly interferes with the debtor's rights in its appeal. Based on that test I must grant the debtors' motion for reconsideration. In the adversary proceeding (now on appeal) the debtors seek rescission of the mortgage loan transaction which is the subject of Ocwen's motion for relief from stay. By granting Ocwen's motion for relief from stay, thereby freeing it to foreclose the Deutsche Bank mortgage, I would be impermissibly interfering with such appeal.

The fact that the appeal arises in an adversary proceeding while the motion for relief from stay arises in the main Chapter 13 case has no bearing on the jurisdictional issue before me. Bankruptcy by its nature involves a variety of proceedings, many interrelated and others independent. The adversary proceeding and the motion for relief from stay are closely related in that they involve the same mortgage loan and underlying collateral. To ignore this fact as Ocwen suggests and apply the jurisdictional limitation solely to matters arising in the adversary proceeding would be an unjustifiable elevation of form over substance. Indeed, the interrelatedness of the appeal and the motion for relief from stay was recognized by this Court in

December, 2009 when it continued generally Ocwen's motion for relief from stay pending the outcome of the appeal in the adversary proceeding to the United States District Court.

Accordingly, the debtors' motion for reconsideration [# 88] is GRANTED, my July 14, 2010 Order [# 86] granting Ocwen's motion for relief from stay is VACATED and the motion for relief from stay [# 62] is continued generally pending completion of the appeal in adversary proceeding #08-04058.   Separate orders shall issue.

Dated: August 31, 2010                                                                                   By the Court,

*[signature]*

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge